IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIAM HAVERTY, #U06083
    Plaintiff,

vs.                                      Case No.: 1:05cv133/MMP/EMT

JAMES CROSBY, et al.,
    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

       This cause is before the court upon Plaintiff's motion to amend his original civil rights complaint filed pursuant to 42 U.S.C. § 1983, amended complaint, and motion for appointment of counsel (Docs. 17, 18, 19).  Leave to proceed in forma pauperis has been granted.

       Initially, in light of the order of this court directing Plaintiff to amend his original complaint (Doc. 15), Plaintiff's motion to amend his original complaint shall be denied as moot.

       Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Id. at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to

Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the amended complaint, the court concludes that dismissal of this action is warranted.

Plaintiff names four Defendants in this action, James Crosby, Secretary of the Florida Department of Corrections (DOC); R. Wolf, Senior Health Services Administrator at Cross City Correction Institution (CCCI); Dr. Tin T. Nguyen, Chief Health Officer at CCCI; and Ms. Brown, a registered nurse at CCCI (Doc. 19 at 1, 2).  Plaintiff claims that Defendants deprived him of adequate medical care in violation of the Eighth Amendment.

Plaintiff alleges the following facts in support of his claim.  Upon his entry into the DOC in 1998, Plaintiff was evaluated by an orthopedic specialist and prescribed specialty shoes with a heel lift in his left shoe to prevent permanent damage to his hip and spine, as Plaintiff's left leg is 3/4" shorter than his right (Doc. 19 at 9).  On February 5, 2005, while Plaintiff was housed at Washington Correctional Institution (WCI), Plaintiff was examined by a doctor, and a replacement pair of specialty shoes was ordered (*id.*).  However, three days later, Plaintiff was transferred to CCCI (*id.*).  Upon Plaintiff's arrival at CCCI, he attended sick call and was seen by Nurse Brown (*id.* at 10).  When Plaintiff advised her of his "ongoing medical treatment" and requested information regarding the status of the order for specialty shoes, Nurse Brown responded, "It's not our problem.  We didn't lose the shoes." (*id.*).  When Plaintiff attempted to further explain that the order had already been placed by the doctor at WCI, Nurse Brown "became hostile" and yelled, "It's not Cross City's problem." (*id.*).  Nurse Brown then ordered Plaintiff to leave (*id.*).  Plaintiff filed a grievance with Defendant Wolf, Senior Health Services Administrator, to inquire if the specialty shoes had been ordered (*id.*).  Upon further inquiry by Plaintiff's family, Defendant Wolf advised that due to the short time span between placement of the order by the doctor at WCI and Plaintiff's transfer, it was highly unlikely that the order was actually placed; furthermore, if Plaintiff wished to pursue the shoes, he should attend sick call to begin the process again (*id.*).

On March 11, 2005, Plaintiff attended sick call and was seen by Dr. Nguyen.  Plaintiff advised Defendant Nguyen of his history and that he was experiencing severe pain in his lower back,

hip, and neck, in addition to headaches (*id*).  Plaintiff alleges Defendant Nguyen gave Plaintiff a heel cushion and told him to insert it into his boot and walk across the room (*id*).  Plaintiff states his limp was still severe and pronounced even with the heel cushion (*id*).  Dr. Nguyen did not otherwise physically examine Plaintiff or review his medical records (*id*. at 13).  Plaintiff inquired about the specialty shoes and was told by Dr. Nguyen that the DOC no longer provided specialty shoes because they were too expensive (*id*. at 11).  Plaintiff alleges the heel cushion is not of sufficient height or firmness to properly treat his condition (*id*.).  He states that walking without the specialty shoes causes back and neck pain, spinal damage and muscle deterioration in his back (*id*.).

Plaintiff filed a grievance with the Secretary of the DOC, but it was denied (*id*.).  Plaintiff then sent another grievance to Defendant Wolf, inquiring again if the shoes had been ordered (*id*.).  Defendant Wolf responded, "The shoes were not ordered.  Specialty shoes not clinically indicated" (*id*.).  Plaintiff appealed the denial of his grievance to Defendant Crosby and sent a letter to the DOC Office of the Secretary of Health Services, but the appeals were denied (*id*.).

Plaintiff contends Defendant Crosby violated the Eighth Amendment by denying his grievances (*id*. at 12).  He claims Defendant Wolf violated his Eighth Amendment rights by ignoring the previous recommendation of the orthopedic specialist that Plaintiff receive specialty shoes (*id*. at 12-13).  Plaintiff contends Defendant Nguyen violated the Eighth Amendment by failing to conduct a physical examination or examination of Plaintiff's medical records, ignoring the recommendation of the orthopedic specialist, and providing inadequate treatment in the form of the heel cushion, instead of specialty shoes (*id*. at 13).  Finally, Plaintiff claims that Nurse Brown violated his Eighth Amendment rights by failing to properly evaluate him during his first visit to sick call (*id*. at 14).

As relief, Plaintiff seeks compensatory damages in the amount of $10,000.00 from each Defendant.  Additionally, he seeks apologies from Defendants Wolf and Nguyen, and termination of the employment of Defendants Wolf, Nguyen, and Brown.  He also seeks an order requiring the DOC to provide biannual evaluations of his need for specialty shoes, and either permit his family to send him shoes with a heel lift, or require that the DOC pay for a lift to be added to shoes purchased by Plaintiff in the institutional canteen.

It is well settled that the government has a constitutional duty to provide minimally adequate medical care to prisoners. Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991). Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 1505 (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Incidents of negligence, even gross negligence, or malpractice do not rise to the level of constitutional violations. Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004) (citation omitted). Similarly, a difference in medical opinion between the medical staff and an inmate as to the inmate's diagnosis or course of medical treatment does not support a claim of cruel and unusual punishment. Rogers, 792 F.2d 1058 (citations omitted).

Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component. Taylor, 221 F.3d 1254, 1257 (11th Cir. 2000), *cert. denied*, 531 U.S. 1077, 121 S.Ct. 774, 148 L.Ed.2d 673 (2001). First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'" *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991) (internal quotation omitted)). Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment. *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements. Taylor, 221 F.3d at 1258. As to the objective prong, an objectively serious deprivation requires showing an objectively "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); *see also* Farmer, 511 U.S. at 834 (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm."). In addition, an objectively serious deprivation requires showing the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06 (internal

quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) and Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")). "Deliberate indifference" and "mere negligence" are not one and the same. Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th Cir. 1980).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. Harris v. Thigpen, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

It is also well established that supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew

that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted).

Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. Wayne v. Jarvis, 197 F.3d 1098, 1106 (11th Cir. 1999), *cert. denied*, 120 S.Ct. 1974, 146 L.Ed.2d 804 (2000); Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58-59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 326 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, the facts alleged by Plaintiff fail to state a basis for liability as to Defendants Crosby and Wolf. The fact that these Defendants supervised other Defendants and denied Plaintiff's grievances in reliance on the judgment of subordinates does not provide a basis for liability under section 1983.

Additionally, Plaintiff has failed to state an Eighth Amendment claim as to Defendants Nguyen and Brown. The disparity in the length of Plaintiff's legs does not rise to the level of a serious medical need. *See* Miller, 384 F.3d at 1261-62 (wheelchair-bound paraplegic who suffered complete paralysis in his right leg, partial paralysis in his left leg, and a bladder condition that caused urinary incontinence had serious medical needs) (citing Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990) (immobile broken foot constituted serious medical need); Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989) (broken hip constituted serious medical need); Simmons v. Cook, 154 F.3d 805, 808 (8th Cir. 1998) (wheelchair-bound paraplegic had serious medical needs); Weeks v.

Chaboudy, 984 F.2d 185, 187-88 (6th Cir. 1993) (same); LaFaut v. Smith, 834 F.2d 389, 393-94 (4th Cir. 1987) (same); Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981) (same)).

Even if the 3/4" disparity in the length of his legs constituted a serious medical need, under no set of facts can Plaintiff show that Defendant Nguyen's providing a heel cushion instead of a shoe with a heel lift was so deficient as to constitute "an unnecessary and wanton infliction of pain." Furthermore, Plaintiff cannot establish that Dr. Nguyen acted with an attitude of deliberate indifference. The fact that Dr. Nguyen disagreed with Plaintiff's previous doctors, including an orthopedic specialist, as to the medical necessity of a shoe with a heel lift, as opposed to a heel cushion, does not show that Dr. Nguyen subjectively knew of a risk of serious harm by providing only a heel cushion, or that he disregarded that risk by conduct that was more than negligence. Furthermore, Plaintiff alleges no facts showing that Dr. Nguyen knew that Plaintiff continued to experience pain after he was provided the heel cushion.

Likewise, Plaintiff cannot establish Nurse Brown was subjectively aware of a serious risk of harm to Plaintiff. Plaintiff alleges he advised Nurse Brown of his past medical treatment and requested an update on the status of WCI's order for specialty shoes, but he does not allege, nor do the facts suggest, that he requested medical treatment, as opposed to assistance in locating the shoes. Although Nurse Brown was clearly impatient, the facts do not rise to the level of deliberate indifference to a serious medical need. Therefore, Plaintiff cannot state a cognizable claim based upon an Eighth Amendment violation.

Accordingly, it is **ORDERED**:

Plaintiff's motion to amend his original complaint (Doc. 17) is **DENIED** as moot, in light of the order of this court directing him to do so (Doc. 15).

And it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That all pending motions be **DENIED** as moot.

At Pensacola, Florida this 16th day of February 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).